UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| A SQUARE FAMILY TRUST §<br>  *Plaintiff*, §<br>    §<br>v. §<br>    §<br>STATE FARM LLOYDS, §<br>  *Defendant*. § | Civil Action No. 3:21-CV-00751 |

**DEFENDANT STATE FARM LLOYDS' FIRST AMENDED ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

  Defendant STATE FARM LLOYDS (Hereinafter "State Farm" or "Defendant") files this its First Amended Answer, and states as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1. State Farm is not required to admit or deny this allegation.

**II.**
**PARTIES**

2. State Farm does not have sufficient information to admit or deny this allegation.

3. State Farm admits it is an insurance company registered to engage in in the business of insurance in the State of Texas. State Farm is a unincorporated association of underwriters wo are not citizens of Texas. It can be served through its counsel of record.

**II.**
**JURISDICTION**

4. State Farm admits that it engages in the business of insurance in the State of Texas and that Plaintiff's allegations arise out of State Farm's business activities in the State, but denies that Plaintiff is entitled to recover the alleged amount in controversy.

1

## III.
## VENUE

5.  State Farm denies that Venue is proper in Dallas County, Texas but does admit that venue is proper in the Northern District of Texas.

## IV.
## FACTS

6.  This paragraph does not contain any factual allegations for which State Farm can admit or deny.

7.  State Farm admits that it issued Plaintiff an insurance policy number 93-EG-S439-4 for the premise located at 2423 Keyhole Street, Irving, Texas 75062.

8.  State Farm admits that it issued Plaintiff the Policy that insures the Property and that the Policy includes coverage for hail and windstorm.

9.  State Farm admits that Plaintiff submitted a claim for property damage for a date of loss of June 10, 2019, but otherwise denies.

10. State Farm admits that Plaintiff submitted a claim for property damage for a date of loss of June 10, 2019. State Farm additionally admits that it assigned claim number 43-F809-4S4.

11. State Farm admits that Plaintiff submitted a claim but denies that Plaintiff's claim was made pursuant to the Policy.

12. Denied.

13. Denied.

14. Stat Farm admits that it denied Plaintiff's claim but otherwise denies.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## V.
### CAUSES OF ACTION

30. This paragraph does not contain any factual allegations for which State Farm can admit or deny.

## VI.
### BREACH OF CONTRACT

31. Denied.

32. Denied.

## VII.
### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## VIII.
### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

38. Denied.

39. Denied

## IX.
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

40. Denied.

41. Denied

## X.
### DTPA VIOLATIONS

42. Denied.

43. Denied

## XI.
### KNOWLEDGE

44. Denied.

## XII.
### WAIVER AND ESTOPPEL

45. Denied.

## XIII.
### DAMAGES

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## XIX.
### REQUESTS FOR DISCLOSURE

56. This paragraph does not contain any factual allegations for which State Farm can admit or deny.

## XX.
### JURY DEMAND

57. This paragraph does not contain any factual allegations for which State Farm can admit or deny.

## XXI.
### PRAYER

This paragraph does not contain any factual allegations for which State Farm can admit or deny.

## XXII.
### STATE FARM DEFENSES

**Policy Coverage Provisions.** Under the policy, Plaintiff bears the burden to prove the value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulting from any accidental direct physical loss during the policy period beyond those damages already acknowledged by State Farm under the policy.

Some or all of Plaintiff's claims are not covered, excluded, or limited by applicable policy terms, conditions, and exclusions of the policy. The relevant policy provisions include without limitation the following:

**Section I— Losses Insured:**

> **COVERAGE A - DWELLING AND COVERAGE B - PERSONAL PROPERTY**
>
> We insure for accidental direct physical loss to the property described in Coverage A and Coverage B, except as provided in Section I - Losses Not Insured.

**Section I – Losses Not Insured:**

> 1. We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:
>
>    a. collapse, except as specifically provided in **SECTION I, ADDITIONAL COVERAGES** for **Collapse**;
>
>    b. freezing of a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:
>
>       (1) maintain heat in the building; or
>
>       (2) shut off the water supply and drain the system and appliances of water;
>
>    c. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, foundation, retaining wall, bulkhead, pier, wharf or dock;
>
>    d. theft in or to a dwelling under construction, or of materials and supplies for use in the construction until the dwelling is completed and occupied;

e. theft of any property which is not actually part of any building or structure;

f. mysterious disappearance;

g. vandalism and malicious mischief or breakage of glass and safety glazing materials if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant;

h. continuous or repeated seepage or leakage of water or steam from a:

   (1) heating, air conditioning or automatic fire protective sprinkler system;

   (2) household appliance; or

   (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

   which occurs over a period of time and results in deterioration, rust, mold, or wet or dry rot. If loss is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

i. wear, tear, marring, scratching, deterioration, inherent vice, latent defect and mechanical breakdown;

j. rust, mold, or wet or dry rot;

k. contamination;

7

l.  smog, smoke from agricultural smudging or industrial operations;

m.  settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

n.  birds, vermin, rodents, insects or domestic animals. We do cover the breakage of glass or safety glazing material which is a part of a building, when caused by birds, vermin, rodents, insects or domestic animals.

However, we do insure for any ensuing loss from items a. through n. unless the loss is itself a Loss Not Insured by this Section.

2.  We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

   a.  **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

   b.  **Earth Movement**, meaning the sinking, rising, shifting, expanding, or contracting of earth, all whether combined with water or not. Earth movement includes but is not limited to earthquake, landslide, mudflow, sinkhole, subsidence and erosion. Earth movement also includes volcanic explosion or lava flow, except as specifically provided in **SECTION I, ADDITIONAL COVERAGES** for **Volcanic Action**.

   We do insure for any direct loss by fire, explosion other than explosion of a volcano, theft, or breakage of glass or safety glazing materials resulting from earth movement.

c. **Water Damage**, meaning:

(1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

(2) water which backs up through sewers or drains, or water which enters into and overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

(3) natural water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

However, we do insure for direct loss by fire, explosion, or theft resulting from water damage.

d. **Neglect**, meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered by a Loss Insured.

e. **War**, including any undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

f. **Nuclear Hazard**, meaning any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these. Loss caused by the nuclear hazard shall not be considered loss caused by fire, explosion, or smoke. However, we do insure for direct loss by fire resulting from the nuclear hazard.

3. We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

   a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

   b. defect, weakness, inadequacy, fault or unsoundness in:

      (1) planning, zoning, development, surveying, siting;

      (2) design, specifications, workmanship, construction, grading, compaction;

      (3) materials used in construction or repair; or

      (4) maintenance;

      of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**.

   However, we do insure for any ensuing loss from items a. and b. unless the ensuing loss is itself a Loss Not Insured by this Section.

**Section I – Conditions**

1. **Insurable Interest and Limit of Liability**. Even if more than one person has an insurable interest in the property covered, we shall not be liable:

   a. to the **insured** for an amount greater than the **insured's** interest; nor

   b. for more than the applicable limit of liability.

10

2. **Your Duties After Loss.** In case of a loss to which this insurance may apply, you shall see that the following duties are performed:

   a. give immediate notice to us or our agent, and in case of theft, vandalism, or malicious mischief, also to the police;

   b. protect the property from further damage or loss, make reasonable and necessary repairs required to protect the property, and keep an accurate record of repair expenditures;

   c. prepare an inventory of damaged personal property showing in detail, the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   d. as often as we reasonably require:

      (1) exhibit the damaged property;

      (2) provide us with records and documents we request and permit us to make copies; and

      (3) submit to examinations under oath and subscribe the same;

   e. submit to us, within 60 days after the loss, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

      (1) the time and cause of loss;

      (2) interest of the **insured** and all others in the property involved and all encumbrances on the property;

      (3) other insurance which may cover the loss;

      (4) changes in title or occupancy of the property during the term of this policy;

      (5) specifications of any damaged building and detailed estimates for repair of the damage;

      (6) an inventory of damaged personal property described in 2.c.;

11

> (7) records supporting the fair rental value loss.
>
> 8. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the date of loss or damage.

**FE-8263.4 Amendatory Endorsement**

> **FE-8263.4 AMENDATORY ENDORSEMENT (Texas)**
>
> **DEFINITIONS**
>
> The following Definition is added:
>
> "**business day**" means a day other than a Saturday, Sunday or holiday recognized by the State of Texas.
>
> **SECTION I – COVERAGES**
> **ADDITIONAL COVERAGES**
>
> **Fire Department Service Charge** is deleted.
>
> **SECTION I – CONDITIONS**
>
> **Insurable Interest and Limit of Liability** is replaced with the following:
>
> **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we will not be liable:
>
> a. to the **insured** for an amount greater than the **insured's** interest; or
>
> b. for more than the applicable limit of liability.
>
> **Fire Insurance: Total Loss Of Real Property.** A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. This sub-section does not apply to personal property.
>
> The first paragraph of item 2.e. in **Your Duties After Loss** is replaced with the following:
>
> e. submit to us, within 91 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
>
> The following is added to **Your Duties After Loss**:
>
> f. you must file a claim with us not later than one year after the date of the loss that is the subject of the claim unless you show good cause for not filing the claim within this time period, subject to the following conditions:
>
> (1) for the purpose of this provision, good cause means: objective facts beyond your control that reasonably caused you to fail to file a claim under the policy within the one-year claim-filing deadline;
>
> (2) if good cause is shown we may extend the one-year claim-filing period. The extension is limited to the claim for which it is granted; and
>
> (3) a request for an extension must:

> (a) be submitted to us in writing;
> (b) describe the good cause that caused you to miss the one-year claim-filing deadline; and
> (c) be signed by you or your legal representative.
>
> The following is added to **Appraisal**:
>
> If you submit to an appraisal, you will still retain your right to bring a legal action against us, subject to the provisions of the **Suit Against Us** Condition.
>
> **Suit Against Us** is replaced with the following:
>
> **Suit Against Us.** No suit or action can be brought unless:
>
> a. there has been compliance with the policy provisions; and
> b. except as provided in item c. below, suit or action brought against us is started within two years and one day after the cause of action accrues;
> c. with respect to a loss caused by windstorm or hail in the catastrophe area as defined under Texas law, suit or action brought against us is started within the earlier of:
>    (1) two years from the date we accept or reject the claim; or
>    (2) three years from the date of the loss that is the subject of the claim.

**Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the TEXAS INSURANCE CODE or any other statutory or common law authority.

**Limits on Punitive Damages.** To the extent Plaintiff seeks punitive damages, State Farm invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. State Farm affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments.

To the extent Plaintiff seeks punitive damages against State Farm, assessment of punitive damages is improper because Plaintiff has failed to plead any predicate authorizing the recovery of punitive damages. To any extent Plaintiff seeks any recovery of exemplary or punitive damages in this lawsuit, Plaintiff is unable to establish, by credible evidence meeting the requisite standard

of proof that State Farm was actually aware of any harm which Plaintiff alleges to have sustained as a result of the handling of Plaintiff's insurance claim. Plaintiff is not entitled to any alleged exemplary or punitive damages because Plaintiff is unable to prove that State Farm was actually aware of an extreme risk resulting from the handling of Plaintiff's claim. Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009. Further, State Farm contends that any conduct of employees of State Farm cannot be imputed to State Farm for purposes of exemplary damages.

**Liability Not "Reasonably Clear".** Under Texas law, an insured bringing an action against its insurer for an alleged breach of a duty of good faith and fair dealing must carry the burden of proof to establish that the insurer unreasonably denied or delayed payment of an insurance claim when the insurer's liability had become reasonably clear. At all times material to this lawsuit, State Farm contends that State Farm's liability was not "reasonably clear."

**Lack Of Coverage Precludes Extra-Contractual Liability.** The existence of coverage and/or compensable damage for Plaintiff's underlying insurance claims is mandatory to establish the basis of Plaintiff's claims under the Texas Insurance Code. Because Plaintiff's allegations are generally based upon Defendant's alleged failure to pay policy benefits, and differences in price and scope, the absence of coverage for many portions of the Plaintiff's underlying insurance claim precludes the Plaintiff's Insurance Code and extra-contractual claims against Defendant arising out of those allegations.

**Concurrent Causation.** Defendant assert the defense of concurrent causation. Under the doctrine of concurrent causes, an insured's recovery is limited to the amount of damage caused by a covered peril. In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril. Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage attributable to the non-covered peril is a coverage issue on which the insured bears the burden of proof.

**Texas Insurance Code Causes of Action.** To any extent Plaintiff alleges claims under the Texas Insurance Code in the Petition, Plaintiff is precluded from any recovery or relief thereunder because, among other things, (a) Defendant did not breach the insurance policy under which Plaintiff purports to be claiming in this lawsuit; (b) Plaintiff has not sustained any damages independent of Plaintiff's alleged breach-of-contract theory; (c) the handling and investigation of Plaintiff's insurance claim was reasonable; (d) any alleged liability for Plaintiff's insurance claim did not become and is not reasonably clear; and (e) there is a bona fide coverage dispute concerning Plaintiff's insurance claim and the policy of insurance under which Plaintiff purports to be claiming in this lawsuit.

**Failure Of Conditions Precedent.** Plaintiff failed to comply with all conditions precedent to recovery under the insurance policy made the basis of this suit in that they have failed to prove that the alleged losses and damages for which they had not been paid were a covered loss, failed to maintain records related to the alleged loss, failed to provide requested records related to the loss, and failed to segregate any portion of the alleged losses that are covered from the portion that are not covered.

**Failure to Provide Timely Notice Under § 542A.003.** Defendants were entitled to pre-suit notice at least sixty one-days before filing this action in accordance with Tex. Ins. Code § 542A.003(a). Defendants contend that Plaintiffs failed to provide written pre-suit notice to State Farm stating the acts or omissions giving rise to the claim, the specific amounts alleged to be owed by the insurer, and the amount of reasonable and necessary attorney's fees incurred at least sixty-one days before filing this action. Therefore, Plaintiffs' claim for attorney's fees is barred. Tex. Ins. Code § 542A.007(d).

## IV.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendant STATE FARM LLOYDS respectfully requests that a take-nothing judgment be entered against Plaintiff, that State Farm recovers its reasonable and necessary attorneys' fees and all costs of court, and for such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: November 1, 2021

Respectfully submitted,

By: */s/ Alexandria Twiss*
Michael Klein
State Bar No. 11563200
mklein@dykema.com
DYKEMA GOSSETT PLLC
One Congress Plaza
111 Congress Avenue, Suite 1800
Austin, Texas 78701
(512) 703-6300
(512) 703-6399 (Fax)

Alexandria Twiss
State Bar No. 24082511
atwiss@dykema.com
DYKEMA GOSSETT PLLC

Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201
(214) 462-6400
(214) 462-6401 (Fax)

***ATTORNEYS FOR DEFENDANT***
***STATE FARM LLOYDS***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record on November 1, 2021, in compliance with the Federal Rules of Civil Procedure.

Chad T. Wilson
Chad T. Wilson Law Firm PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF
***ATTORNEYS FOR PLAINTIFF***

/s/ *Alexandria Twiss*
Alexandria Twiss